UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JUAN CARLOS RENTERIA, MENA
ISABEL RIVERA, URIEL GONZALEZ,
MARIA DELGADO, SERGIO
ESPARZA, ANDORENI ESPARZ,
ANGELINA PRESAS, AURELIO
SEGURA, HILARIO TINOCO,
ANTONIO ARTURO RODRIGUEZ,
FERNANDO GARCIA, J. JESUS
OSORIO SANCHEZ, JUAN A.
ROMERO, ANTONIO SILVA and JOSE
L ALVAREZ,**

    Plaintiffs,

v.                                        Case No:5:12-CV-357-Oc-34PRL

**CENTRAL BEEF IND., L.L.C.,
MARSHALL CHERNIN, ALEX
CHERNIN and ADAM CHERNIN**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the parties' Joint Motion for Settlement Approval (Doc. 52) filed February 27, 2013. For the reasons set forth herein, it is respectfully recommended that the Motion be granted.

---

[1] Any party may file and serve specific, written objections hereto within **FOURTEEN (14) DAYS** after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

## I. INTRODUCTION

This case was brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et. seq.* On February 27, 2013, the parties filed a Joint Motion for Settlement Approval (Doc.52), which the district judge referred to the undersigned to prepare a Report and Recommendation as to whether the proposed settlement is a "'fair and reasonable resolution of a bonafide dispute" over FLSA issues. (Doc. 50) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)).

After reviewing the proposed settlement agreement (Doc. 52-1), the undersigned identified several inappropriate provisions. Rather than recommending the denial of the motion outright, the undersigned provided the parties an opportunity to file a revised settlement agreement (*see* Doc. 53), which they have now done. (Doc. 56). The undersigned has reviewed the revised settlement agreement and, for the following reasons, believes it is due to be approved.

## II. ANALYSIS

In *Lynn's Food Stores*, 679 F.2d at 1352-55, the Eleventh Circuit explained that Congress made the FLSA's provisions mandatory and as such, they "are not subject to negotiation or bargaining between employers and employees" except in two narrow circumstances. *Id.* at 1352 (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 902 (1945)). The two circumstances are: (1) claims in which an employee accepts payment of unpaid wages supervised by the Secretary of Labor pursuant to 29 U.S.C. §216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. §216(b). *Id.* at 1352-53. In the second situation, where the parties to an FLSA action reach a settlement, the proposed settlement agreement must be scrutinized by the court and the court must determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Moreover, with respect to attorney's fees and costs, the Eleventh Circuit explained the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 F.App'x. 349, 351 (11th Cir. 2009) (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F.App'x. 349. However, where the parties submit to the Court a proposed FLSA settlement that:

> (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

<u>Bonetti v. Embarq Mgmt. Co.</u>, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

In the instant case, the Named Plaintiffs,[1] Opt-in Plaintiffs,[2] and Known Potential Opt-in Plaintiff[3] (collectively referred to as "Plaintiffs")[4] claim Defendants violated the FLSA by failing

---

[1] Juan Carlos Renteria, Uriel Gonzalez, Maria Delgado, Sergio Esparza, Angelina Presas, Aurelio Segura, Hilario Tinoco, Antonio Arturo Rodriguez, Fernando Garcia, J. Jesus Osorio Sanchez, and Pedro Segura.
[2] Javier Alvarez, Jose L. Alvarez, Juan Chavez, Diana Deluz, Zayra Estrada, and Antonio Silva.
[3] Maria Flores
[4] According to counsel, the Former Plaintiffs – Mena Isabel Rivera, Andoreni Esparz, and Juan A. Romero -- have disclaimed any interest in the settlement of this matter and request that the Court dismiss the lawsuit filed on their behalf with prejudice.

to: (1) compensate them for pre-shift activities, including waiting in line to obtain personal protective equipment ("PPE"), walking to storage areas to obtain knives and PPE, sharpening knives while waiting to punch in, walking to sanitation stations and sanitizing PPE, walking to production lines, and donning PPE; (2) compensate them for meal breaks during which they were required to don, doff, and sanitize PPE; (3) compensate them for post-shift activities such as walking to wash stations, waiting in line to wash PPE, walking to lockers, doffing PPE, and stowing uniforms and PPE; and (4) pay them the proper overtime rate. Defendants refute these claims and argue that the time spent donning and doffing PPE was not compensable; that Plaintiffs were paid for all hours worked; and that they were paid time-and-one-half for all hours worked over forty in a work week. The individual defendants further assert that they are not individually liable for Plaintiffs' claims under the FLSA.

In an effort to avoid the costs and uncertainty of further litigation, the parties, after engaging in discovery, reached a settlement of the matter at mediation. The parties, who have been represented by counsel at all times, agree that "the negotiated terms of settlement represent a fair, reasonable, and just compromise of disputed issues." (Doc. 52 at ¶4). Under the proposed settlement, Plaintiffs will receive a total of $27,700.00, as stated below:

| Named Plaintiffs | Wages | Liquidated Damages |
|---|---|---|
| Maria Delgado | $900.00 | $900.00 |
| Sergio Esparza | $850.00 | $850.00 |
| Fernando Garcia | $900.00 | $900.00 |
| Uriel Gonzalez | $900.00 | $900.00 |
| Angelina Presas | $900.00 | $900.00 |
| Juan Carlos Renteria | $750.00 | $750.00 |

| | | |
|---|---|---|
| Antonio Arturo Rodriguez | $900.00 | $900.00 |
| J. Jesus Osorio Sanchez | $300.00 | $300.00 |
| Aurelio Segura | $900.00 | $900.00 |
| Pedro Segura | $900.00 | $900.00 |
| Hilario Tinoco | $900.00 | $900.00 |
| **Opt-In Plaintiffs** | **Wages** | **Liquidated Damages** |
| Javier Alvarez | $1,000.00 | $1,000.00 |
| Jose L. Alvarez | $900.00 | $900.00 |
| Juan Chavez | $600.00 | $600.00 |
| Diana DeLuz | $150.00 | $150.00 |
| Zayra Estrada | $300.00 | $300.00 |
| Antonio Silva | $900.00 | $900.00 |
| **Potential Opt-In Plaintiff** | **Wages** | **Liquidated Damages** |
| Maria Flores | $900.00 | $900.00 |

Counsel for Plaintiffs will be paid $37,800.00 in attorney's fees and costs. The parties stipulate that the amount to be paid to Plaintiffs' attorney was "negotiated separately, from the settlement sums paid to" Plaintiffs. (Doc. 52 at ¶10).

Having reviewed the proposed amended settlement agreement, the Court finds that the proposed settlement is a fair and reasonable compromise of a bona fide dispute between parties represented by competent counsel. *Lynn's Food Stores, Inc.,* 679 F.2d at 1354-55. Plaintiffs were represented by counsel and assert that they knowingly compromised their claims and that the settlement is a "fair, reasonable, and just compromise of disputed issues." As discussed

above, the Defendants raised several defenses to Plaintiffs claims; thus, it is not certain that Plaintiffs would have prevailed on their claims in their entirety. [5] This sufficiently supports the Plaintiffs' decisions to accept less than the full amount they claimed to be owed under the FLSA.

The Court further finds that the agreed-upon fee and costs to be paid to Plaintiffs' counsel was determined independently, did not affect the payment to Plaintiffs, and otherwise appears to be reasonable. *Bonetti*, 715 F.Supp.2d at 1228. Therefore, the Court need not separately consider the reasonableness of the fee to be paid to Plaintiffs' counsel.

Finally, in the Joint Motion for Settlement Approval, counsel for Plaintiffs and Defendants represent that the "Former Plaintiffs" (as labeled by the parties) – Mena Isabel Rivera, Andoreni Esparz, and Juan A. Romero -- have disclaimed any interest in the settlement of this matter and request that the Court dismiss the lawsuit filed on their behalf with prejudice. (Doc. 52 at ¶5). Based on this representation by counsel, the undersigned finds that this action should be dismissed with prejudice as to the Former Plaintiffs pursuant to Fed.R.Civ.P. 41(a)(2).

Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

The parties' Joint Motion for Settlement Approval (Doc. 52) should be **GRANTED** and the revised Mediated Settlement Agreement (Doc. 56-1) should be **APPROVED** by the district court. It is further respectfully recommended that pursuant to the agreement of the Parties the

---

[5] For example, in response to Court Interrogatories, Maria Delgado claims that she was owed $7,020.00 in overtime – 104 weeks x $13.50 x 5 hours per week. (Doc.25-1). She alleges that she was not paid for two hours each week for donning and doffing her personal protective equipment; and that Defendants improperly tampered with its time keeping system, failing to pay her for approximately three hours of work each week. As discussed *supra*, Defendants disagree that the time spent donning and doffing personal protective equipment was compensable. Further, Defendants claim that they paid Ms. Delgado for all time worked.

- 7 -

case be **DISMISSED** with prejudice as to the Named Plaintiffs,[6] Opt-in Plaintiffs,[7] Known Potential Opt-in Plaintiff,[8] and Former Plaintiffs.[9]

Recommended in Ocala, Florida on April 12, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[6] Juan Carlos Renteria, Uriel Gonzalez, Maria Delgado, Sergio Esparza, Angelina Presas, Aurelio Segura, Hilario Tinoco, Antonio Arturo Rodriguez, Fernando Garcia, J. Jesus Osorio Sanchez, and Pedro Segura.
[7] Javier Alvarez, Jose L. Alvarez, Juan Chavez, Diana Deluz, Zayra Estrada, and Antonio Silva.
[8] Maria Flores
[9] Mena Isabel Rivera, Andoreni Esparz, and Juan A. Romero